UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HUGO ANGELES-OLALDE,**

    **Petitioner,**

vs.                                                Case No. 8:06-CV-2077-T-27MAP
                                                          Crim. Case No. 8:05-CR-499-T-27MAP

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed October 31, 2006.[1] (CV Dkt. 6), Petitioner's Memorandum in support (CV Dkt. 7) and the Government's response in opposition (CV Dkt. 9). Upon consideration, Ground Two of Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed October 31, 2006. (CV Dkt. 6) is DENIED. An evidentiary hearing is required as to Ground One.

**Procedural History**

Petitioner was charged in a one count indictment with illegal re-entry by a previously deported felon, in violation of 18 U.S.C. § 1326(a) and (b)(2) (CR Dkt. 1). The Government filed a Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis on January 29, 2006 (CR Dkt. 9). On February 10, 2006, represented by retained counsel, Petitioner

---

[1] Petitioner's original § 2255 motion was received and filed by the Clerk of Court on November 6, 2006. Under the "mailbox rule," the motion is deemed filed on October 31, 2006, the date the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1341 (11th Cir. 1999).

pleaded guilty, without a plea agreement (CR Dkt. 10).[2] On May 23, 2006, Petitioner was sentenced to forty eight (48) months in prison, to be followed by thirty six (36) months of supervised release (CR Dkts. 18, 19). Petitioner did not appeal.

In his amended § 2255 motion, Petitioner raises two grounds:[3]

**Ground One:** "Counsel's failure to file a Notice of Appeal is ineffective assistance of counsel, under U.S. constitution 6th."

**Ground Two:** "Petitioner was Enhanced in violation of U.S. Constitution." (CV Dkt. 6, pp. 5, 6).

## Discussion

**Ground One**

In Ground One, Petitioner contends that his attorney "failed to comply with his specific request to file a notice of appeal in his criminal case." (CV Dkt. 7, p. 8). Moreover, Petitioner argues:

> "Alternatively, petitioner argues that, if this court finds insufficient evidence that the petitioner specifically instructed his lawyer to file a notice of appeal, the question becomes whether his lawyer failed to fulfill the constitutionally-imposed duty to consult with him about appeal, and whether petitioner can show a reasonable probability that, but for the lawyer's deficient consultation, he would have timely appeal [*sic*]." (CV Dkt. 7, p. 8)

These allegations are similar to those in *Gomez Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005). The Government filed, in response to the amended § 2255 motion, the affidavit of Petitioner's attorney, Sean Tobaygo (CV Dkt. 9, Exhibit C). Attorney Tobaygo's affidavit indicates that Petitioner never directed him to file an appeal. Attorney Tobaygo does not, however, have a

---

[2] Petitioner mistakenly refers to a plea agreement (CV Dkt. 7, pp. 3, 4-5). Petitioner pleaded guilty without a plea agreement.

[3] Petitioner's amended § 2255 motion was timely filed.

specific recollection of discussing an appeal with Petitioner, although it is his general practice to do so. On this record, an evidentiary hearing is necessary as to Ground One, to enable the court to apply the applicable standard under *Strickland v. Washington*[4] to Petitioner's claim that his attorney was ineffective in failing to file an appeal after being specifically directed to do so. *See Roe v. Flores-Ortega,* 528 U.S. 470, 487 (2000); *Gomez-Diaz v. United States, supra.*

**Ground Two**

In Ground Two, Petitioner contends that his sentence was unconstitutionally enhanced based on facts not proven beyond a reasonable doubt, citing *United States v. Booker*, 543 U.S. 220 (2005). (CV Dkt. 7, pp. 11-12). This claim is procedurally defaulted as it was not raised before the district court. If not procedurally defaulted, the claim otherwise has no merit based on binding Eleventh Circuit.

Petitioner, an illegal alien, pleaded guilty and thereby admitted to having re-entered the United States, having been previously deported and after being convicted of a drug trafficking offense in Texas (felony delivery of cocaine), as charged in the indictment. Petitioner's guideline range was determined based on a Criminal History category III and an adjusted offense level of 24, which included a 16 level enhancement pursuant to USSG § 2L1.2(b)(1)(A)(I). After subtracting three levels for acceptance of responsibility, Petitioner's total offense level was 21, providing an advisory range of 46 to 57 months. Petitioner was sentenced to 48 months.

In his amended § 2255 motion, Petitioner complains that his Sixth Amendment rights were violated by application of the 16 level enhancement based on his prior Texas drug trafficking conviction, without having the fact of that conviction proven beyond a reasonable doubt. At

---

[4] 466 U.S. 668 (1984).

sentencing, however, Petitioner did not object to the district court's application of the United States Sentencing Guidelines, including its application of the 16 level enhancement. Nor did he contest the fact of his Texas conviction. He did not object to the contents of the Pre-Sentence Investigation Report of the United States Probation Office, which recommended the 16 level enhancement and included a recitation of Petitioner's Texas drug trafficking conviction. Finally, at the conclusion of the sentencing hearing, in response to the district court's inquiry as to whether there were any objections to the sentence imposed or the manner in which it had been pronounced, Petitioner's counsel replied: "None from the defense, Your Honor." (CV Dkt. 9, Exhibit A, pp. 15-16).

The Government correctly contends that this claim is procedurally defaulted. It was not presented to the district court before sentence was imposed. As noted, Petitioner voiced no objection to the 16 level enhancement, consideration of his Texas conviction or the ultimate sentence imposed. Constitutional claims which were available but not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review, in the absence of cause and actual prejudice. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady,* 456 U.S. 152, 167 (1982); *McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir. 2001). To establish cause, Petitioner must establish that some external impediment prevented counsel from raising the claim. *McCleskey v. Zant,* 499 U.S. 467, 497 (1991). To establish actual prejudice, Petitioner must establish that he was actually and substantially disadvantaged. *See Wright v. Hopper,* 169 F.3d 695, 706 (11th Cir. 1999).

As cause, Petitioner alleges that his attorney "failed to file an appeal." (CV Dkt. 6, p. 5). Even if, as Petitioner alleges, his attorney did not file an appeal as requested by Petitioner, Petitioner cannot show that his attorney's failure to raise this issue before the district court or on appeal was

deficient performance. Nor can Petitioner show prejudice from his attorney's inaction, since this issue has been resolved unfavorably to Petitioner's contentions in this Circuit.

An attorney is not ineffective in failing to raise a meritless claim. *See Ladd v. Jones,* 864 F.2d 108, 110 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Chandler v. Moore*, 240 F.3d 907, 917-18 (2001) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)). When Petitioner was sentenced, a Sixth Amendment objection to use of Petitioner's prior conviction would have been contrary to controlling Eleventh Circuit precedent. *See United States v. Sanchez*, 269 F.3d 1250, 1262 (11th Cir. 2001) (*en banc*). In light of Eleventh Circuit precedent, Petitioner's attorney was not ineffective in failing to object to consideration of Petitioner's prior Texas drug conviction. Petitioner has not shown cause for his procedural default. Nor can Petitioner show prejudice from his attorney's omission. Any objection to use of Petitioner's prior Texas conviction would have been overruled, based on Eleventh Circuit precedent.

Even if this claim is not procedurally defaulted, Petitioner is entitled to no relief on this claim, based on binding Eleventh Circuit and Supreme Court precedent. "*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *United States v. Henderson*, 409 F.3d 1293, 1306-07 (11th Cir. 2005)(*emphasis added*); *United States v. Orduno-Mireles,* 405 F.3d 960, 962 (11th Cir. 2005) ("Thus, the Court's holding in *Booker*, that the Guidelines cannot be mandatory consistent with a defendant's Sixth Amendment rights, is not implicated when a defendant's sentence is enhanced based on a prior conviction."); *United States v. Camacho-Ibarquen,* 410 F.3d 1307, 1315-16, 1316 n. 3 (11th Cir. 2005), *cert. denied*, 546 U.S. 951 (2005)(district court did not violate defendant's Sixth Amendment rights by applying USSG §

2L1.2(b)(1)(A) enhancement based on defendant's prior conviction); *United States v. Ortiz - Willaims*, 221 F. App'x 913, 915 (11th Cir. 2007); *United States v. Ortiz,* 229 F. App'x 858, 859-60 (11th Cir. 2007).[5][6] Petitioner's contention that use of his prior Texas conviction violated his Sixth Amendment rights is without merit.

**ACCORDINGLY**, **IT IS ORDERED**:

1. Ground Two of Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed October 31, 2006. (CV Dkt. 6) is DENIED and DISMISSED.

2. This case is scheduled for an evidentiary hearing on Ground One on **October 9, 2008 at 2:00 P.M.** One (1) hour is set aside for this hearing.

3. The Government is directed to immediately issue a writ to secure Petitioner's presence at said hearing. The writ shall be provided to the U.S. Marshal's Office with a copy to chambers.

4. The Government is directed to subpoena Petitioner's defense counsel in the underlying criminal action, Sean Tobaygo, Esq., to appear at said hearing.

5. This matter is referred to Magistrate Judge Mark A. Pizzo for immediate appointment of counsel for Petitioner.

---

[5] Nor could counsel have been ineffective in failing to anticipate changes in the law. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *United States v. Levy,* 391 F.3d 1327, 1334 n.3 (11th Cir. 2004). As discussed above, the law remains unchanged since Petitioner was sentenced.

[6] Petitioner does not contend that the district court resolved disputed facts related to his prior convictions which were not adjudicated in the prior proceeding, although he cites *Shepard v. United States*, 544 U.S. 13 (2005). In any event, the Sentencing Guidelines define "drug trafficking offense" as any offense under federal, state, or local law that prohibits the . . . distribution . . . of a controlled substance offense. . ." USSG § 2L1,2, Application Note 1.B.(iv). Petitioner's Texas conviction of felony delivery of cocaine necessarily meets this definition, and Petitioner does not contend otherwise. Rather, he presents an irrelevant argument that the enhancement is not directed to recidivism, only serious offenses, thereby seemingly suggesting that felony delivery of cocaine is not a serious offense justifying the enhancement. Petitioner's argument is without merit, if not frivolous.

6. The clerk is directed to schedule an interpreter for the evidentiary hearing.

7. Petitioner's original § 2255 motion to vacate (Dkt. 1) is denied as moot.

**DONE AND ORDERED** in Tampa, Florida, this 11th day of August, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
United States Attorney's office