UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HUGO ANGELES-OLALDE,

    Petitioner,

vs.                                       Case No. 8:06-CV-2077-T-27MAP
                                            Crim. Case No. 8:05-CR-499-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum (CV Dkts. 6, 7) raised two grounds for relief:

    **Ground One:** "Counsel's failure to file a Notice of Appeal is ineffective assistance of counsel, under U.S. constitution 6th."

    **Ground Two:** "Petitioner was Enhanced in violation of U.S. Constitution." (CV Dkt. 6, pp. 5,6).

The Government responded in opposition to the motion (CV Dkt. 9). In an earlier order, relief on Ground Two was denied (Dkt. 12). Consistent with *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), an evidentiary hearing was conducted on Ground One, in which Petitioner claimed that he was denied the effective assistance of counsel because his retained attorney did not file a notice of appeal *after being requested to do so.* Upon consideration, relief on Ground One is DENIED.

### Procedural History

Petitioner was charged in a one count indictment with illegal re-entry by a previously

deported felon, in violation of 18 U.S.C. § 1326(a) and (b)(2) (CR Dkt. 1). On February 10, 2006, represented by retained counsel, Petitioner pleaded guilty without a plea agreement (CR Dkt. 10).[1] On May 23, 2006, Petitioner was sentenced to forty eight (48) months in prison, to be followed by thirty six (36) months of supervised release (CR Dkt. 18, 19). Petitioner did not appeal.

## Discussion

Petitioner contends that his attorney "failed to comply with his specific request to file a notice of appeal in his criminal case" and that "he expressly communicated to his attorney his desire to appeal." (CV Dkt. 7, p. 8, 10). Moreover, Petitioner argues:

> "Alternatively, petitioner argues that, if this court finds insufficient evidence that the petitioner specifically instructed his lawyer to file a notice of appeal, the question becomes whether his lawyer failed to fulfill the constitutionally-imposed duty to consult with him about appeal, and whether petitioner can show a reasonable probability that, but for the lawyer's deficient consultation, he would have timely appeal."

(CV Dkt. 7, p. 8)

These allegations are remarkably similar to those in *Gomez Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005). Accordingly, the merits of Petitioner's contentions will be addressed.

A lawyer who disregards a criminal client's specific instruction to file an appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000); *Gomez-Diaz v. United States,* 433 F.3d at 791-92. Based on the evidence presented during the evidentiary hearing, this Court finds that Petitioner did not instruct or even ask his attorney to file an appeal. Notwithstanding Petitioner's allegations in his § 2255 motion that he directed his attorney to file an appeal and that his attorney failed to do, during the evidentiary hearing, Petitioner admitted

---

[1] Petitioner mistakenly refers to a plea agreement (CV Dkt. 7, pp.3, 4 - 5). Petitioner pleaded guilty without a plea agreement.

that he did not direct his attorney to file an appeal. He testified that after sentence was imposed, he asked his attorney if they were going to appeal. According to Petitioner, his attorney responded that he would have to determine if the judge committed error first. Petitioner testified that he never heard back from his attorney. He testified that he tried to call his attorney several times but never reached anyone, only his attorney's answering machine.

Petitioner's testimony is simply not credible. Not only does his § 2255 motion contain the false sworn allegation that he directed his attorney to appeal, his testimony that he expressed interest in appealing to his attorney immediately after sentencing is not believable. His attorney, Sean Tobaygo, testified that his regular practice was to always explain a client's appellate options as a case progressed, because the subject of appealing is a "constant topic" with criminal clients. Although he did not have a specific recollection of a discussion with Petitioner after sentence was imposed, he was certain that if Petitioner had expressed an interest in appealing, that would have prompted action on his part.

Attorney Tobaygo was licensed to practice in November, 2003. When Petitioner was sentenced in May, 2006, he had practiced primarily criminal law with approximately 90% of his practice devoted to criminal representation. He testified that, as he did with all clients, he would have discussed Petitioner's appellate rights at each stage of his representation and as the case progressed, his discussions would have become "fact specific" since appellate options were a "constant topic." When he reviewed his file after becoming aware of Petitioner's § 2255 claim, he found nothing indicating that Petitioner requested an appeal or that any "onus" was put on him concerning an appeal. In Tobaygo's words, there was "never a question about filing an appeal in this case." He would not have "left it open."

Tobaygo recalled that he reviewed the Presentence Investigation Report (PSR) with Petitioner, including the sentencing guidelines and the right to appeal any procedural or legal errors if the court did not sentence Petitioner within the guideline range. In particular, Tobaygo discussed with Petitioner the effect of Petitioner's prior convictions his guidelines, including the 16 level enhancement resulting from Petitioner's prior Texas drug trafficking conviction.

Petitioner acknowledged in his testimony that he reviewed the PSR with Tobaygo, including the application of the sentencing guidelines, his prior convictions and their impact on his criminal history. He acknowledged that his 48 month sentence was at the lower end of his guideline range but insisted that he would have wanted to appeal, not with respect to any particular issue, but "just hoping" for a lesser sentence. He maintained that his attorney never discussed his right to appeal with him. Petitioner's testimony in this regard is not believable.

Since it is clear that Petitioner did not instruct or request Attorney Tobaygo to file an appeal, the *per se* duty to appeal outlined in *Flores-Ortega* was not triggered.[2] Where the client does not make a specific request to his attorney to file an appeal, the inquiry is whether the attorney consulted sufficiently with the client about any potential appeal and made a reasonable effort to determine the client's wishes. *Gomez-Diaz v. United States*, 433 F.3d at 791-92. If the attorney did consult with his client, the attorney's performance is professionally unreasonable only if he fails to follow the client's instructions. *Roe v. Flores-Ortega,* 528 U.S. at 478. If the attorney did not consult with his client about an appeal, it must be determined whether an affirmative duty to consult with the client about

---

[2] In *Roe*, the court declared that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477. The Eleventh Circuit has interpreted *Roe* to mean that it is *per se* unreasonable to fail to follow a client's explicit request to file an appeal. Gomez-Diaz v. United States, 433 F.3d at 791-92.

an appeal existed. *Id.* An affirmative duty exists only when either (1) a rational defendant would want to appeal, or (2) the particular defendant reasonably demonstrated an interest in appealing. *Id.* at 480. If an affirmative duty exists, an attorney's obligation is to consult with the client and explain the "advantages and disadvantages of appealing" and make a "reasonable effort to determine the client's wishes." *Roe v. Flores-Ortega, Id.* at 478.

Based on the record evidence, a reasonable inference can be drawn from the evidence that Attorney Tobaygo fulfilled his constitutional duty to consult with Petitioner concerning Petitioner's right to appeal and that Petitioner did not express an interest in appealing, as this Court so finds.

As noted, it is undisputed that Petitioner did not, contrary to the sworn allegation in his motion, instruct Tobaygo to file an appeal. Simply put, Petitioner's testimony has been shown to be utterly untrustworthy. Specifically, Petitioner's testimony that he expressed an interest in appealing to Tobaygo and was waiting to hear back from Tobaygo is rejected as not believable.

The Court finds that attorney Tobaygo, consistent with his self described "very specific habit" as an experienced defense attorney, did review and explain Petitioner's right to appeal with Petitioner. Although because of the passage of time he could not recall a specific discussion with Petitioner after sentence was imposed, Tobaygo testified that he has never failed to discuss a client's appellate rights with a client. He has no recollection of Petitioner inquiring about an appeal after sentence was imposed. Moreover, he testified that the type of question Petitioner claims that he asked Tobaygo immediately after sentence was imposed is a "triggering" question for a defense attorney. Tobaygo testified that under that circumstance, he would not have left the matter open but would have ordered a transcript and discussed what occurred at sentencing with Petitioner. He explained that there was nothing in his file suggesting that Petitioner had any interest in appealing,

that he had good communications with Petitioner and his family, and that they never had any difficulty getting hold of him. He had a voice mail system at his office and checked it "religiously." Had there been any messages, he would have acted on them or responded. In light of this credible testimony, Petitioner's testimony that he tried unsuccessfully to telephone Tobaygo after sentencing is rejected as not believable.

To the extent it could be said that Tobaygo's failure to meet with Petitioner after sentencing precluded further discussion of an appeal, the Court finds that Tobaygo did not, under the circumstances, have an affirmative duty to consult with Petitioner after sentencing about an appeal. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega,* 528 U.S. at 480; *Devine v. United States,* 520 F.3d 1286, 1288 (11th Cir. 2008).

Although not determinative, a highly relevant factor is the that Petitioner plead guilty, "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe v. Flores-Ortega,* 528 U.S. at 480. As discussed, Petitioner received a sentence well within what he and Tobaygo discussed and reasonably expected. There were no non-frivolous grounds on which to appeal.

Petitioner's sentencing guideline range, based on a Criminal History III and Offense Level 21, was 46 to 57 months (Dkt. 18). Petitioner's 48 month sentence was at the lower end of that guideline range. Petitioner and his attorney had discussed what would occur at sentencing, the sentencing guidelines, and the circumstances which would give rise to a basis for an appeal. The

court did not depart from the sentencing guideline range. A departure would have provided a basis for appeal, as Tobaygo had explained to Petitioner. According to Tobaygo, there was no basis for an appeal and nothing occurred at sentencing which was appealable.

With respect to the 16 level enhancement, triggered by Petitioner's Texas drug trafficking offense, Attorney Tobaygo testified that he "absolutely" discussed that with Petitioner and there was no issue with regard to the validity of that conviction. In sum, Petitioner was sentenced to a term he and his attorney reasonably expected. Nothing occurred at sentencing which would have provided a non-frivolous basis on which to appeal. Petitioner's sentence was within the guideline range. No objections to the sentence imposed were made. Petitioner did not indicate to Tobaygo an interest in appealing and nothing alerted Tobaygo that Petitioner desired to appeal and nothing occurred which would have prompted Tobaygo to take action with respect to an appeal. Moreoever, no rational defendant in Petitioner's place would have wanted to appeal because there were no non-frivolous grounds on which to appeal.

Petitioner plead guilty without a plea agreement. Tobaygo found no errors in his guideline calculations or PSR, all of which he discussed with Petitioner. No sentencing objections were overruled and motions for departure were denied. Since the sentence was within the applicable guideline range, Tobaygo believed there were no appealable issues. Under these circumstances, Tobaygo did not have an affirmative duty to further consult with Petitioner, further explain the advantages and disadvantages of appealing, or make any further effort to determine Petitioner's wishes. *Roe v. Flores-Ortega,* 528 U.S. at 478.

To the extent Petitioner argues that Tobaygo had a duty to consult with Petitioner during the ten days immediately following sentencing, that contention is without merit, given the sentence

imposed, the expectations of Petitioner concerning his sentencing guideline range and Tobaygo's conferences with Petitioner prior to sentencing. Given those consultations and the successful sentencing hearing, it was not necessary that Tobaygo again review Petitioner's appellate rights with him, absent an indication from Petitioner that he was considering an appeal. *See Roe v. Flores-Ortega*, 528 U.S. at 479-80 (rejecting brightline rule that counsel must always consult with defendant regarding appeal); *Medina v. United States*, 167 Fed. Appx. 128, 134-35 (11th Cir. 2006)(where client neither instructs attorney to appeal nor asks that an appeal not be taken, relevant question in determining whether attorney performed deficiently by not filing NOA is "whether counsel in fact consulted with the defendant about an appeal").

In sum, the Court finds and concludes that Tobaygo's representation did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668 (1984). He neither disregarded an express instruction from Petitioner to file an appeal nor failed to sufficiently consult with Petitioner about potential grounds for an appeal. That he did not meet with Petitioner after the sentencing hearing is inconsequential. He had previously discussed with Petitioner the circumstances under which an appeal would be appropriate and none of those circumstances occurred. Even if Tobaygo's failure to meet with Petitioner after sentencing precluded further discussion on the matter, Tobaygo was not, under the circumstances, obligated to meet with Petitioner again after sentencing and consult with him further about an appeal which no rational defendant would want to pursue.

Tobaygo's performance was not deficient under *Strickland*.[3] Petitioner's claim of ineffective

---

[3] Actually, it is unnecessary to determine whether Tobaygo's failure to consult with Petitioner constituted deficient performance because Petitioner has not established the prejudice, that is, that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *See Roe v. Flores-Ortega*, 528 U.S. at 484. Although Petitioner testified that he now wishes to appeal hoping to receive a reduced sentence, he concedes that he understood the district court's instruction that he had ten days within which to file an

assistance of counsel is DENIED. ACCORDINGLY, it is

ORDERED and ADJUDGED:

1. Petitioner's Amended Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed October 31, 2006. (CV Dkt. 6) is DENIED.

2. The Clerk is directed to deny any pending motions as moot, terminate Petitioner's original § 2255 motion (CV Dkt.1) and close this case.

**DONE AND ORDERED** in Tampa, Florida, this 27th day of March, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, *pro se*
          Counsel of record

---

appeal. He also acknowledges that the court informed him that an attorney would be appointed if he could not afford one on appeal. Whether or not Petitioner had trouble reaching Tobaygo after he was sentenced, he does not explain why he could not have communicated with Tobaygo through his family, with whom Tobaygo was in contact with, or "to explain why he could not have asked his [family] either to hire alternative counsel or notify the court of his desire to appeal." *Medina v. United States,* 167 Fed.Appx. at 135. As in Medina, Petitioner did not file his § 2255 motion until more than a year after he was sentenced